Railroad v. Guthrie.

L. & N. RAILROAD CO. *v.* I. N. GUTHRIE, SR.

1. PLEADINGS AND PRACTICE. *Counts in declaration.* Counts in *assumpsit,* tort, and upon the facts of the case may be united in a declaration.

2. DAMAGES, *remote.* Where a fence along the line of a railway has been removed, so that live stock stray upon the road, and are killed by passing trains, such kiiling is not the direct consequence of the removal of the fence.

FROM SUMNER.

Appeal in error from the Circuit Court of Sumner county. Jo. C. STARK, J.

J. J. TURNER for Railroad.

HEAD BROS. for Guthrie.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiff many years ago, pursuant to an agreement with the defendant for right of way through his land, built a fence a mile and a quarter long on each side of its road, through the lands of defendant.

The fence was placed upon the line of the right of way and the lands of the defendant. Plaintiff was bound to keep this fence, always in the future, in repair.

This suit was brought by plaintiff September 13, 1876, to recover damages for the removal of the fence

by defendant, whereby stock was allowed to find its way upon the road bed, and was killed by plaintiff's trains or engines, and for which the plaintiff had to pay large sums of money, which are specified, and the names of the persons to whom paid are set out in the declaration. A demurrer to this declaration was filed, and by leave of the court an amended declaration was filed, which repeats the averments of the original declaration, and sues also for the value of the rails alleged to have been removed and appropriated by defendant. Demurrer was filed also to the amended declaration. Both demurrers were overruled, and pleas denying the causes of action, and relying upon the statute of limitations of three years as to damages claimed, were filed, so that there may be said to be an action of tort and an action of *indebitatus assumpsit* united in different counts of plaintiff's declaration, and also *one* count or more upon the facts of the case. This seems to be allowable under sections 2746–7–8 of the Code.

The evidence shows that the rails were removed back from the line of the right of way by defendant in the fall of 1872, and no recovery for that removal, in tort, could be maintained even if it should be held that the killing of the stock thereafter by the plaintiff's trains, was in legal contemplation caused by the removal of the fence. The cause of action accrued in 1872, and for injuries to, or conversion of, personal property, the suit must be brought within three years from the time the cause of action accrued: Code, sec. 2773. The statute of limitations, therefore,

28—VOL. 10.

which is pleaded, is a complete defense in this aspect of the case.

The rails removed by defendant were upon the line upon which the county court of Sumner county had laid off a public road for the greater part of the way. At the western side of defendant's land, he and the superintendent of the road had been negotiating for the erection of a new depot? And upon this part of the line of plaintiff, the fence was set back so as to leave a crossing of the railroad for the county road, and also to leave next to the railroad ¾ of an acre of land to plaintiff, whereon to erect its depot buildings. No contract for these arrangements had been formally executed or agreed on. But both parties contemplated, and expected and desired the county road to be laid out and opened, and defendant had agreed to give the ¾ of an acre of ground for the depot, which he left out of his enclosure for this purpose.

The question then is, can the plaintiff recover the value of the rails removed by defendant. If the fence was on the line of plaintiff and defendant, although built by plaintiff for a consideration moving from defendant, and for their mutual benefit and protection, neither party would have a right to remove it and appropriate the rails to his or its exclusive use or benefit, without the consent of the other. And so in effect his Honor charged the jury. The judge said to the jury that plaintiff might recover the value of the rails moved off plaintiff's right of way of sixty-six feet and appropriated by defendant to his own

use and purposes. But if the rails so moved were removed by consent of plaintiffs to make room for a depot, or if the county court ordered a public road to be opened for the public convenience, and such road was located along the plaintiff's road and was ordered to be opened by said county court, and defendant removed, or assisted in removing, the fence in accordance with such order, he would not be guilty of a trespass.

There was evidence upon the several points charged upon. The verdict and judgment were for defendant, and plaintiff appealed.

We think it very clear that plaintiff was not entitled to a judgment for the killing of the stock mentioned by its own trains. It seems to have been the purpose of the suit, when it was first instituted, to recover the value of the stock so killed. But the statute of limitations of three years is a complete defense against this claim, even if the facts disclosed did not present an insuperable objection to such recovery. It cannot be maintained that such killing was the direct consequence of the removal of the fence, nor does it appear that plaintiffs were free from negligence at the time of the killing.

This court has repeatedly held, that the value of goods tortiously taken and converted may be recovered in an action for that purpose. But it may admit of question, whether the rails in this case were wrongfully taken and converted to the use of defendant. The road was, after report of jury view, at July term, 1872, established by the county court, and

the facts indicate a purpose on the part of defendant to carry out the order of the court, and use the rails for the purpose to which they were originally applied, though upon a different line, and do not indicate any purpose to appropriate to his own exclusive use the rails which were removed. No proof of the value of such rails is made. They were shown to be old, and the fence to be in bad condition, and the number uncertain.

Upon the whole we are of opinion that the judgment below should be affirmed.